```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

```
GASSAWAY J. STONE,                  :

     Plaintiff,                     :

vs.                                 :     CIVIL ACTION 05-00062-CG-B

WARDEN JERRY FERRELL, et al.,       :

     Defendants.                    :
```

## REPORT AND RECOMMENDATION

This is an action by a former Alabama inmate alleging violations of 42 U.S.C. § 1983.  This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Order, it is recommended that this action be dismissed without prejudice.

Plaintiff filed this Section 1983 action on February 1, 2005, while incarcerated at Fountain Correctional Center. (Doc. 1).  After a review of Plaintiff's motion to proceed without prepayment of fees (Doc. 2), Plaintiff was directed to re-file his motion and attach thereto a copy of the statutorily required copy of the institutional record of his inmate account reflecting transactions in his account for the six-month period immediately preceding the filing of his complaint, or in lieu thereof, pay the $150.00 filing fee by March 25, 2005. (Doc. 3).  On March 14, 2005, Plaintiff filed an amended

motion to proceed without prepayment of fees. (Doc. 4).  In an Order dated March 16, 2005, Plaintiff was granted permission to proceed without prepayment of fees and ordered to submit a $2.54 partial filing fee by April 16, 2005. (Doc. 5). Subsequent thereto, Plaintiff paid the partial filing fee. (Doc. 6).

In an Order dated July 19, 2007 (Doc. 12), the Court observed that the Alabama Department of Corrections' website revealed that Plaintiff had been released from the Department's custody.  The Court further observed that because Plaintiff initiated this action while he was a prisoner, he remained obligated to pay the entire $150.00 filing fee in this action.[1] Gay v. Texas Dept. of Corrections State Jail Div., 117 F.3d 240, 242 (5th Cir. 1997); 28 U.S.C. § 1915(b)(1). Accordingly, Plaintiff was directed to pay the remainder of the filing fee, namely $147.46, by August 20, 2007, or in lieu thereof, to submit a new motion to proceed without prepayment of fees so that the Court could determine a payment schedule for the payment of the remainder of the $150.00 filing fee. (Doc. 12).

Subsequent thereto, Plaintiff filed a letter with the Court, which was treated as a request for an extension of time. (Doc. 13). Accordingly, the Court issued an Order dated September 4, 2007 (Doc. 14), wherein the time for Plaintiff to pay the remainder of the

---

[1] Plaintiff made a partial payment of $2.54 on March 23, 2005. (Doc. 6).

filing fee, or in lieu thereof, to submit a new motion to proceed without prepayment of fees was extended to September 25, 2007. Plaintiff was cautioned that his failure to comply with the Court's Order within the prescribed time would result in the dismissal of this action for failure to prosecute and to obey the Court's Order. To date, Plaintiff has not responded to the Court's September 4, 2007 Order, nor has his copy of the Court's Order been returned to the Court.

Due to plaintiff's failure to comply with the Court's Order of July 19, 2007 (Doc. 12) and the Court's Order of September 4, 2007 (Doc. 14), the undersigned concludes that Plaintiff has abandoned the prosecution of his action.  Upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment*, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).   Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)

(ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **28th** day of **November, 2007.**

                                          **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                  **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**